MURPHY, Judge, dissenting.
I respectfully dissent from the Majority's opinion, specifically its decision to treat Defendant's appeal as a petition for writ of certiorari and allowing of the same. I agree with the Majority's analysis as to the lack of jurisdiction and its recognition that the district court clearly alludes to the existence of a "DWI judgment" in the judgment portion of the AOC-CR-500 Form, Rev. 12/13. However, based on the record before us it is impossible to determine if the superior court had jurisdiction to conduct a trial de novo.
In order for the superior court to have acquired jurisdiction over this matter, Defendant was required to give oral notice of appeal or written notice of appeal within 10 days of entry of the judgment:
Any defendant convicted in district court before the judge may appeal to the superior court for trial de novo. Notice of appeal may be given orally in open court, or to the clerk in writing within 10 days of entry of judgment . Upon expiration of the 10-day period in which an appeal may be entered, if an appeal has been entered and not withdrawn, the clerk shall transfer the case to the district or superior court docket.
N.C.G.S. § 7A-290 (2017) (emphasis added). The otherwise completed and signed AOC-CR-500 Form containing the phrase "see DWI judgment[,]" contains a box for the district court judge to check in the event that Defendant has given oral notice of appeal. The district court judge left that box unchecked, indicating Defendant has not given oral notice of appeal in open court. Therefore, there is no showing that the superior court obtained jurisdiction over this matter by Defendant giving oral notice of appeal. As there was no oral notice of appeal, N.C.G.S. § 7A-290 requires a written notice, but the record lacks any evidence of written notice of appeal to the superior court. In sum, there is no showing in the record that Defendant filed a notice of appeal within 10 days of the "DWI judgment."
*506 Not only is the record lacking the actual district court judgment, which I would entertain treating as a petition for writ of certiorari in this particular and individualized circumstance, it lacks a showing that Defendant gave timely notice of appeal to the superior court. If Defendant's appeal was not timely, then the superior court was without jurisdiction. As a result, I do not join the Majority in allowing a sua sponte petition for writ of certiorari. Defendant's case should be dismissed without a discussion of the merits of his appeal. I respectfully dissent.